David A. Tashroudian
California Bar No. 266718
TASHROUDIAN LAW GROUP, APC
5900 Canoga Ave., Suite 250
Woodland Hills, California 91367
Telephone:    (818) 561-7381
Facsimile:    (818) 561-7381
Email: david@tashlawgroup.com
Email: mona@tashlawgroup.com

Don Foty
(Will apply for *pro hac vice* admission)
Texas Bar No. 24050022
HODGES & FOTY, LLP
4409 Montrose Blvd, Suite 200
Houston, Texas 77006
Phone: (713) 523-0001
Fax:   (713) 523-1116
Email:      dfoty@hftrialfirm.com

Melinda Arbuckle
California Bar No. 302723
SHELLIST LAZARZ SLOBIN, LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Phone: (713) 621-2277
Fax: (713) 621-0993
Email: marbuckle@eeoc.net

Ricardo J. Prieto
(Will apply for *pro hac vice* admission)
Texas Bar No. 24062947
SHELLIST LAZARZ SLOBIN, LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Phone: (713) 621-2277
Fax: (713) 621-0993
Email: rprieto@eeoc.net

*Counsel for Plaintiff and Putative
Class Members*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CARA JENSEN, on Behalf of Herself and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>V.<br><br>QUALITY ASSURANCE ADJUSTING SERVICES, INC.,<br><br>Defendant. | § Case No.: 2:20-cv-7140<br>§<br>§ CLASS AND COLLECTIVE<br>§ ACTION<br>§<br>§ ORIGINAL COMPLAINT FOR<br>§ DAMAGES AND RESTITUTION<br>§<br>§ DEMAND FOR JURY TRIAL<br>§<br>§<br>§<br>§ |

Case No. 2:20-cv-7140

## **INTRODUCTION**

1.     This is a collective and class action brought by Individual and Representative Plaintiff Cara Jensen on behalf of herself and on behalf of the proposed national Fair Labor Standards Act ("FLSA") Collective and California Class identified below (and whose members are collectively referred to herein as the "Class Members").  Plaintiff and the putative Class Members were or are employed by Defendant, Quality Assurance Adjusting Services, Inc. ("Defendant"), as Property Damage Appraisers and other substantially similar positions ("Appraisers").

2.     As Appraisers, Plaintiff and the putative Class Members are and were non-exempt employees under federal and state wage and hour laws, and should have received overtime pay consistent with the requirements of those laws.  However, Defendant misclassifies its Appraisers as exempt from overtime.  These employees perform substantially the same job duties and responsibilities, and are compensated pursuant to the same Company policies.  They are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.     Plaintiff sues on behalf of himself and other similarly situated Appraisers who worked for Defendant, and who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).  This action claims that Defendant has violated the wage-and-hour provisions of the FLSA by depriving Plaintiff, as well as those similarly situated to Plaintiff, of their lawful overtime wages.

4.     The national FLSA Class, represented by Plaintiff Jensen, is comprised of all individuals who are or have been employed by Defendant as Property Damage Appraisers in the United States within three years prior to this action's filing date through the present.

5.     Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, reimbursement for work related expenses, an equal amount in liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6.     Plaintiff also brings this action under the California overtime statutes and regulations, and California's unfair competition laws.

7.     The California Class, represented by Plaintiff Jensen, is comprised of all people who are or have been employed by Defendant as Property Damage Appraisers in the State of California within four years prior to this action's filing date through the present.  Plaintiff intends to seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the California Class.

8.     Plaintiff and the California Class Members seek unpaid wages and restitution for their work beyond 8 hours in a day or 40 in a week pursuant to California law, for unpaid work related expenses, as well as additional liquidated damages, statutory damages, and penalties.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*.  The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

10.     Venue is proper in the Central District of California because a substantial portion of the events forming the basis of this suit occurred in the Central District of California.  In particular, a substantial part of the events or omission which give rise to the claims occurred in Los Angeles County and/or adjacent counties in the Western Division.  Specifically, much of Plaintiff's work occurred in the San Fernando Valley and the surrounding locations.

11.    This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction. Defendant does business in California, advertises in California, markets to California consumers, and the violations of the law forming the basis of this lawsuit occurred in California.   Therefore, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.   Defendant also had and continues to have continuous and systematic contacts with the State of California sufficient to establish general jurisdiction over it. It contracts with residents of California for the services provided by its workforce.   It maintains offices in California.   It also employs dozens of California citizens, including Plaintiff.

## **PARTIES**

12.    Plaintiff Car Jensen worked for Defendant as an Appraiser from approximately September 2017 to March 2018.  She resides in Los Angeles County, California. Plaintiff's signed consent to join this FLSA collective action is attached hereto as Exhibit "A."

13.    The California Class Members are all individuals who are or have been employed by Defendant as Property Damage Appraisers or in substantially similar positions in the State of California during the four year period prior to the filing of this lawsuit to the present.

14.    The FLSA Class Members are all individuals who are or have been employed by Defendant as Property Damage Appraisers or in substantially similar positions during the three year period prior to the filing of this lawsuit to the present.

15.    Defendant Quality Assurance Adjusting Services, Inc. is a foreign for-profit corporation doing business in California.   Defendant can be served with process by serving its registered agent, Raymond Nishioka Donaldson at 203 SW 8th Avenue, Suite 412, Amarillo, TX 79101.

16.     At all material times, Defendant was and is legally responsible for all the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the Class Members.

17.     At all material times, Defendant has been governed by and subject to the FLSA, 29 U.S.C. § 207.

18.     At all material times, Defendant has been an employer within the meaning of section 3(d) of the FLSA.  29 U.S.C. § 203(d).

19.     At all material times, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA.  29 U.S.C. § 203(r).

20.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

21.     At all material times, the unlawful conduct against Plaintiff and Class Members as described in this Complaint was actuated, in whole or in part, by a purpose to serve Defendant.  At all relevant times, upon information and belief, the unlawful conduct described in this Complaint was reasonably foreseeable by Defendant and committed under actual or apparent authority granted by Defendant such that all aforementioned unlawful conduction is legally attributable to Defendant.

22.     At all material times, Defendant has had an annual gross business volume of not less than $500,000.

## FACTS

23.     Defendant is a national company that provides insurance claim adjusting services and automobile damage appraisal services.   Specifically, Defendant's website states: "QA Claims has become a leading provider to the insurance industry for auto damage appraisal services."

(https://www.qaclaims.com/auto-damage-appraisals.html, last visited July 23, 2020).

24.     To provide its services, Defendant hires Appraisers who travel to various automobile repair shops to inspect damaged vehicles.  An Appraiser travels in his/her personal vehicle to different automobile repair shops each day.  An appraiser conducts an inspection of the vehicle and completes a standardized report. After completing the report, the Appraiser uploads the report electronically.  After the report is reviewed electronically, it is then reviewed by Defendant's review team. After the final review is performed to ensure completeness and accuracy of the report, the report is the finalized and sent to Defendant's customers.

25.     An Appraiser travels for work in his/her personal vehicles.  However, Defendant fails to reimburse the costs of operating these personal vehicles for work, including all associated gas and mileage expenses.  Appraisers are also required to use their personal cell phones for work to communicate with the home office and the various repair shops.  Defendant does not reimburse the Appraisers for using their personal cell phones for work.

26.     Defendant also does not pay its Appraisers overtime pay.  That is because Defendant has classified its Appraisers as exempt from overtime.

27.     Plaintiff worked for Defendant as an Appraiser from approximately September 2017 to March 2018 in California.

28.     From September 2017 to December 2017, Plaintiff was paid a salary of approximately $1,538 per week.  Plaintiff was not paid any overtime wages during this time.  From January 2018 to March 2018, Plaintiff was paid on an hourly rate basis of $18 per hour.  She still was not paid any overtime wages when she was paid on an hourly rate basis.

29.     However, during her employment with Defendant, Plaintiff regularly worked more than 8 hours per day and more than 40 hours in a week without overtime compensation.  Her regular schedule was to work Monday through Friday,

from approximately 8 am to approximately 6 pm.  She also was required to complete her appraisals and estimates at home.

30.     Despite frequently working more than more than 8 hours per day and working more than 40 hours a week, Defendant failed to pay Plaintiff for any of her overtime that was worked.

31.     Plaintiff and the Class Members are not exempt from overtime.

32.     Appraisers do not perform sales.  They do not generate new business for Defendant.  Instead, they conduct appraisals of vehicles, which is the service offered by Defendant to its customers.

33.     Appraisers are line employees, not supervisors.  They have no ability to hire or fire and do not regularly supervise other employees.

34.     The primary duty of Appraisers is to produce appraisal reports for Defendant.

35.     The primary duty of Appraisers consists of routine work, dictated by detailed guidelines promulgated and enforced by Defendant.  Appraisers are required to follow a detailed checklist and retrieve or verify the required data for each appraisal they conduct.  They have very little discretion with respect to significant decisions for Defendant.

36.     After an appraisal report is submitted by an Appraiser, it is reviewed by Defendant for completeness and accuracy.  The reports created by the Appraisers are on standardized forms.  Appraisers are trained to apply pre-established guidelines and procedures to complete these forms.  They are required to fill in the boxes on these forms, follow the policies dictated by Defendant, use data obtained during their inspections, and to obtain data from electronic databases made available by Defendant or to the public.  Compliance with these procedures and guidelines removes any exercise of independent judgment and discretion.

37.     Furthermore, the appraisals generated by Defendant's Appraisers are the very product Defendant produces and sells to its customers.  Accordingly, the

Appraisers are production, not administrative employees. Their work does not involve nor is it related to the management of Defendant's business.

38.     Appraisers are also not "learned professionals" as defined by the FLSA. Appraisal work does not require advanced knowledge acquired through a prolong course of specialized intellectual instruction. A college degree is not required to perform work as an Appraiser or to be hired by Defendant as an Appraiser.

39.     Appraisers do not have input into Company strategy or business decisions. Nor do they have any role in financial or marketing decisions. They do not formulate Company guidelines, policies, or procedures.

40.     Plaintiff's and the Class Members' duties do not require the exercise of discretion or independent judgment on more than a mere occasional basis. Plaintiff and the Class Members have been severely cordoned by Defendant from any decision-making authority and none in matters of significance.

41.     Plaintiff and the Class Members prepare forms electronically and deliver such forms electronically to Defendant in such a way that Defendant was aware of the hours worked by Plaintiff and the Class Members. Plaintiff and the Class Members would send and receive emails and other electronic notices and communication throughout the day, night and early mornings.

42.     Plaintiff and the Class Members regularly communicated with their co-workers and supervisors using email.

43.     Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiff and the Class Members. Defendant knew of the requirements to pay overtime or recklessly chose to disregard it. Defendant is a large company that pays overtime some of its employees. However, it refused to pay the Plaintiff and Class Members overtime pay.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) per workweek. Plaintiff

worked with and communicated with other Appraisers, and as such, has personal knowledge of their existence, status as Defendant's employees, the expense reimbursement violations, and the overtime violations.

45.    Other employees similarly situated to Plaintiff worked for Defendant in a similar capacity and were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

46.    Defendant has employed hundreds of such employees who worked throughout the U.S. during the last three years and who were denied overtime pay.

47.    As such, the FLSA Class of similarly situated workers is properly defined as follows:

> **All individuals who are or have been employed by Defendant as Property Damage Appraisers in the United States within three years prior to this action's filing date through the present.**

48.    Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them overtime compensation for their hours worked over forty (40).

49.    Plaintiff is representative of the FLSA Class Members in that he performed similar job duties as the Class Members, were denied reimbursement for their work related expenses, and were denied overtime compensation on the basis of uniform company policies and practices.  Plaintiff is acting on behalf of the FSLA Class Members' interests as well as Plaintiff's own interests in bringing this action.

50.    FLSA Class Members have performed the same or similar work as Plaintiff.

51.    FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

52.    FLSA Class Members were not paid for any time worked in excess of 40 hours per week.

Case No. 2:20-cv-7140

53.     FLSA Class Members were not reimbursed for their work related expenses.

54.     The policy of illegally classifying these Appraisers as exempt in violation of the FLSA is universal across the defined FLSA Class and forms the basis of the overtime violation.

55.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

56.     As such, FLSA Class Members are similar to Plaintiff in terms of pay structure and/or the denial of overtime.

57.     Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

58.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

59.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

60.     All FLSA Class Members, irrespective of the particular job requirements, are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty (40) during a workweek.

61.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.   The claims of all FLSA Class Members arise from a common nucleus of facts.   Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

62.     The similarly situated FLSA Class Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.   They should be notified and allowed to opt into this action pursuant to 29 U.S.C. § 216(b)

for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or prejudgment interest, and attorneys' fees and costs.

63.     Unless the Court promptly issues such notice, the numerous similarly situated current and former Appraisers nationwide who have been misclassified in violation of the FLSA will be unable to secure unpaid overtime pay, which has been unlawfully withheld by Defendant.

## RULE 23 CLASS ACTION

64.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Class Members which are comprised of:

> **All individuals who are or have been employed by Defendant as Property Damage Appraisers in California within four years prior to this action's filing date through the present.**

65.     <u>Numerosity</u>.  The number of members in the California Class is believed to exceed forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the California Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and Defendant.

66.     <u>Typicality</u>.  Plaintiff's claims are typical of the California Class because like the members of the California Class, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the California Class.  Defendant failed to pay the California Class overtime compensation.  All members of the California Class worked substantially more than

eight (8) hours in a day and forty (40) hours in a week as non-exempt employees but were uniformly classified as exempt and denied overtime pay. Plaintiff was also denied reimbursement for her work related expenses.  Plaintiff and the California Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with California law.  As such, Plaintiff's claims are typical of the claims of the California Class. Plaintiff and all members of the California Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

67. _Adequacy_.  Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages, expenses, and penalties required under California law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the California Class she seeks to represent.

68. _Commonality_.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

    a. Whether Plaintiff and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

    b. Whether Defendant reimbursed Plaintiff and the California Class for all work-related expenses;

    c. Whether Defendant failed to pay Plaintiff and the California Class overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a workweek;

    d. Whether Defendant failed to keep accurate records of employees' hours of work and hourly wages, and failed to timely furnish each Appraiser

with a statement accurately showing the total number of hours worked, and the wages earned each pay period; and

69. The common issues of law include, but are not limited to:

a. Whether Plaintiff and the California Class exercised independent judgment and discretion over matters of significance;

b. Whether Plaintiff and the California Class performed work that was "directly related to the management or general business operations" of Defendant;

c. Whether Defendant can claim an exemption for Plaintiff and the California Class;

d. Whether Plaintiff and the California Class are entitled to compensatory damages;

e. Whether Plaintiff and the California Class are entitled to reimbursement for their work related expenses;

f. Whether Plaintiff and the California Class received pay statements that comply with California law;

g. The proper measure of damages sustained by Plaintiff and the California Class; and

h. Whether Defendant's actions were "willful."

70. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

71.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual California Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the California Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication.  The identity of members of the California Class is readily identifiable from Defendant's records.

72.     This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.  Ultimately, a class action is a superior form to resolve the California claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the California Class per applicable California laws.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### Failure to Pay Overtime

### (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.)

### On Behalf of Plaintiff and the FLSA Class

73.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

74.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed and continues to employ, employees, including Plaintiff

and the FLSA Class.  At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

75.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

76.     Plaintiff and the FLSA Class were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

77.     At all relevant times, Defendant required and/or permitted Plaintiff and the FLSA Class to work in excess of forty (40) hours per workweek.  Despite the hours worked by them, Defendant willfully, in bad faith, and knowingly violated the FLSA, failed and refused to pay Plaintiff and the FLSA Class the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek.  By failing to compensate Plaintiff and the FLSA Class at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

78.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c).

79.     Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of their damages, unpaid wages and unpaid overtime pay.

80.     Plaintiff, on behalf of himself and the FLSA Class, also seeks reimbursement for all work related expenses.  At all times material to this Complaint, Plaintiff and members of the FLSA Class were required to drive their personal

vehicles on behalf of Defendant in the course and scope of their employment with Defendant to conduct inspections of vehicles. They were not reimbursed for mileage and other expenses related to the use of their personal vehicles. They were not reimbursed for wear and tear on their personal vehicles, for their automobile insurance coverage, for gasoline expenses, and all other expenses related to the use of their personal vehicles. Likewise, Defendant failed to reimburse Plaintiff and FLSA Class Members for use of their personal computers and home internet, which were required to perform their work for Defendant. Plaintiff and the FLSA Class Members used their computers and the internet at home to send reports, emails and other information to Defendant for work. They also used their personal cell phones for work for Defendant to schedule inspections, communicate with Defendant, and other activities. Without reimbursement for these expenses in those weeks when they worked overtime hours, Plaintiff and the FLSA Class Members will not receive pay at time and one half their regular rate of pay for all hours worked over 40.

81.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

82.   Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of him attorneys' fees and costs to be paid by Defendant, as provided for by 29 U.S.C. § 216(b).

83.   Plaintiff, on behalf of himself and the FLSA Class, seeks recovery of liquidated damages.

84.   As a result of Defendant's willful and unlawful failure to pay Plaintiff all of her earned overtime wages, Plaintiff is entitled to recover her unpaid overtime wages, reimbursed expenses, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief. Plaintiff, on behalf of herself and the FLSA Class, seeks damages in the amount of their respective unpaid overtime compensation, unpaid expenses, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant

to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### Failure to Pay Overtime
### (Wage Order No. 4-2001; California Labor Code §§ 510, 558, 1194)
### On Behalf of Plaintiff and the California Class

85.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

86.    At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the present, Defendant was required to compensate all its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked more than eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked more than twelve (12) hours per day.  Defendant was also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

87.    At all relevant times, Defendant operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Appraisers for overtime at the rates required by California Labor Code § 510 and Wage Order No. 4-2001.

88.    Defendant knew or clearly should have known that Plaintiff and the California Class members solely or predominantly performed non-exempt duties, were not subject to any enumerated exemptions to California's overtime mandates – including exemptions for *bona fide* administrative, professional, or executive employees – and were thus entitled to overtime pay.

89.    Defendant routinely required Plaintiff and the California Class to work more than eight (8) hours per day or forty (40) hours per workweek and work on the seventh day of a workweek.  Despite the provisions of California's overtime law,

Defendant has willfully failed and refused to pay the California Class, including Plaintiff, overtime wages for any of the overtime hours they worked since four years prior to this lawsuit being filed.

90.    The California Class, including Plaintiff, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

91.    Defendant regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174, with respect to Appraisers.  Through this unlawful course of conduct, Defendant has deprived and continues to deprive Plaintiff and the California Class Members of records necessary to calculate with precision the overtime compensation due to them.

92.    Defendant's conduct violates California Labor Code §§ 510 and 1194. Therefore, pursuant to California Labor Code § 1194, the California Class, including Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

### THIRD CLAIM FOR RELIEF
### Failure to Reimburse Plaintiff for Necessary Expenditures
### (California Labor Code § 2802)
### On Behalf of Plaintiff and the California Class

93.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

94.     At all times material to this Complaint, Plaintiff and members of the California Class were required to drive their personal vehicles on behalf of Defendant in the course and scope of their employment with the Defendant to visit assigned locations and conduct inspections.  They were not reimbursed for mileage and other expenses related to the use of their personal vehicles. They were not reimbursed for wear and tear on their personal vehicles, for their automobile insurance coverage, for gasoline expenses, and all other expenses related to the use of their personal vehicles.  Likewise, Defendant failed to reimburse Plaintiff and the California Class Members for use of their personal computers and home internet, which were required to perform their work for Defendant.  Plaintiff and the California Class Members used their computers and home internet to send reports, emails and other information to Defendant for work.  They also used their personal cell phones for work for Defendant to schedule inspections, communicate with Defendant, and other activities.  Defendant knew that Plaintiff and the California Class Members used their personal cell phones, home computers, home internet, and personal vehicles for work.  Despite this fact, Defendant chose not to reimburse Plaintiff and the California Class Members for the expenses they incurred.

95.     At all times material to this Complaint, Defendant was subject to Labor Code § 2802, which states that "an employer shall indemnify his or him employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or him duties, or his or him obedience to the directions of the employer."

96.     As a proximate result of Defendant's policies in violation of Labor Code § 2802, Plaintiff and members of the California Class sustained actual and pecuniary damages.

97.     Plaintiff and members of the California Class are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

98.     Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.  Interest shall accrue from the date on which the employee incurred the necessary expenditure.  Plaintiff and the class she represents are entitled to said interest.

### FOURTH CLAIM FOR RELIEF
### Failure to Furnish Wage Statements
### (California Labor Code §§ 226)
### On Behalf of Plaintiff and the California Class

99.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

100.     Defendant knowingly and intentionally failed to furnish and continue to fail to furnish Plaintiff and each California Class Member with timely, itemized statements that accurately reflect – among other things – the total number of hours worked, the gross wages earned, the number of piece-rate units earned, and the applicable piece rates, as mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects such information.

101.     Defendant did not accurately list the number of hours worked on each pay statement.

102.     Defendant did not accurately issue one wage statement that identified gross wages.

103.     Plaintiff and the California Class Members were harmed because without this information they were not able to identify whether they were paid correctly.  Plaintiff and the California Class Members could not promptly and easily determine their pay from information from the wage statement alone, the wage statement did not have the necessary information to determine if they were owed

additional wages, and the wage statement did not have information from which they could calculate their overtime owed.

104.   As a result, Defendant is liable to Plaintiff and each of the California Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

105.   Plaintiff and the California Class are also entitled to reasonable attorneys' fees and costs pursuant to California Labor Code § 226(e).

**FIFTH CLAIM FOR RELIEF**

**Unlawful and/or Unfair Competition Law Violations**

**(California Business & Professions Code §§ 17200-17208.)**

**On Behalf of Plaintiff and the California Class**

106.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

107.   California Business & Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

108.   Plaintiff brings this cause of action individually and as a representative of all others subject to Defendant's unlawful acts and practices.

109.   During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, provide accurate wage statements, and to reimburse for work related expenses, as described throughout this Complaint.

110.   As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of

Plaintiff and the California Class. Defendant must disgorge these ill-gotten gains and restore to Plaintiff and the California Class all wrongfully withheld wages, including, but not limited to overtime compensation, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

111. Plaintiff, individually and on behalf of the members of the California Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all the FLSA Class Members and the California Class Members, pray for relief as follows:

1. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are at present or have been at any time during the past three years, up through and including the date of this Court's issuance of a Court-supervised Notice, been employed by Defendant as an Appraiser as defined and described herein. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join the FLSA collective suit if they believe they were misclassified as an exempt employee;

2. Certifying that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

3. Awarding damages, unpaid wages, unreimbursed work expenses, liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;

4. Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant to 29 U.S.C. § 216, California Labor Code § 1194, California Code of Civil Procedure § 1021.5, or as otherwise permitted by law; and

5. Ordering such other and further legal and equitable relief the Court deems

1    just, necessary and proper.

2                          **DEMAND FOR JURY TRIAL**

3          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on

4    behalf of himself and all others similarly situated respectfully demands a trial by

5    jury.

6                                    Respectfully submitted,

7    Dated: August 7, 2020

8                              By:   */s/ David Tashroudian*
                                     David A. Tashroudian
9                                    California Bar No. 266718
                                     Mona Tashroudian
10                                   California Bar No. 272387
                                     TASHROUDIAN LAW GROUP, APC
11                                   5900 Canoga Ave., Suite 250
12                                   Woodland Hills, California 91367
                                     Telephone:   (818) 561-7381
13                                   Facsimile:    (818) 561-7381
14                                   Email: david@tashlawgroup.com
                                     Email: mona@tashlawgroup.com
15
16
17                                   And
18
                                     HODGES & FOTY, LLP
19
20                                   Don J. Foty
                                     (will apply for admission *pro hac vice*)
21                                   Texas Bar No. 24050022
22                                   4409 Montrose Blvd., Suite 200
                                     Houston, TX 77006
23                                   Telephone: (713) 523-0001
24                                   Facsimile: (713) 523-1116
                                     Email: dfoty@hftrialfirm.com
25
26
27                                   And
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHELLIST | LAZARZ | SLOBIN LLP

Ricardo J. Prieto
(will apply for admission *pro hac vice*)
Melinda Arbuckle
California Bar No. 302723
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993
Email: rprieto@eeoc.net
Email: marbuckle@eeoc.net

ATTORNEYS FOR PLAINTIFF AND CLASS
MEMBERS

Case No. 2:20-cv-7140